STATE OF CONNECTICUT *v.* MOHAMMED ALI
(AC 18424)

Lavery, C. J., and Landau and Hennessy, Js.

Argued May 31—officially released August 1, 2000

*Joseph S. Elder*, for the appellant (defendant).

*James M. Ralls*, assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *Vicki Melchiorre*, senior assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Mohammed Ali, appeals from the judgment of conviction, rendered after

a jury trial, of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (1), sexual assault in the second degree in violation of General Statutes § 53a-71 (a) (2) and unlawful restraint in the second degree in violation of General Statutes § 53a-96. On appeal, the defendant has, essentially, attacked the factual findings of the trial court.

After a careful review of the record, we conclude that the court did not abuse its discretion when it found that the victim's capacity or competency to testify was "minimally credible" and denied the defendant's post-trial motion for psychological testing of the victim. See *State* v. *Weinberg*, 215 Conn. 231, 241–45, 575 A.2d 1003, cert. denied, 498 U.S. 967, 111 S. Ct. 430, 112 L. Ed. 2d 413 (1990); *State* v. *James*, 211 Conn. 555, 563–65, 560 A.2d 426 (1989). Additionally, the court's conclusion that the victim was competent to testify is supported by the evidence, and the court's related underlying factual findings are not clearly erroneous. See *State* v. *Hydock*, 51 Conn. App. 753, 764, 725 A.2d 379, cert. denied, 248 Conn. 921, 733 A.2d 846 (1999). We therefore conclude that the court did not abuse its discretion and that its decision conforms to the applicable law.

The judgment is affirmed.